IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD ALAN DUELL, BENEFICIARY;<br><br>Plaintiff,<br><br>vs.<br><br>DONNA MAY DUELL TRUST, DONNA MAY DUELL, GRANTOR AND TRUSTEE; AND DOES 1-10, INCLUSIVE;<br><br>Defendants. | CIV. NO. 26-00187 JAO-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY APPLICATION FOR ENTRY OF DEFAULT |

**FINDINGS AND RECOMMENDATION TO DENY APPLICATION FOR ENTRY OF DEFAULT**

On August 20, 2026, Plaintiff Todd Alan Duell, Beneficiary ("Plaintiff"), proceeding pro se, filed an *Application for Entry of Default* ("Motion"). ECF No. 16. The Court elects to decide this *Motion* without a hearing pursuant to *Local Rules of Practice for the United States District Court for the District of Hawaii* ("LR") 7.1(c). Although the title of the *Motion* states that entry of default is being sought, the *Motion* itself cites Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 55(b)(2), which is the federal rule that governs default judgments. Because Plaintiff is proceeding pro se, the Court must liberally construe Plaintiff's

pleadings. *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003) (citations omitted). However, in this case, the Court recommends that Plaintiff's request be denied.

First, the *Motion* is based upon purported proof of service made on Defendant Donna May Duell, Trustee ("Defendant") on "June 10, 2026." ECF No. 16 at PageID.55 ("[Defendant] was properly served with a summons to appear and answer to this court on June 10, 2026."). The docket fails to reflect service on Defendant made on June 10, 2026. The most recent proof of service document filed on July 27, 2026, indicates service on Defendant made on **July** 10, 2026. ECF No. 15. While the reference to June 10, 2026 in the *Motion* may be a typographical error, it appears at least twice in the *Motion* – once in the body of the *Motion* and then again in Plaintiff's affidavit. ECF No. 16 at PageID.55 & 59. Because Plaintiff's *Motion* seeks entry of default and perhaps even default judgment against Defendant for $2,100,000.00 in damages, it is entirely Plaintiffs' responsibility to ensure that the information relied upon in the *Motion* is in fact correct. *Id*. at PageID.55-56 & 59. It is not the Court's responsibility to construe errors as inadvertent typographical errors and excuse them. On this basis alone, the Court must recommend the *Motion* be denied.

Secondly, because Plaintiff has erroneously conflated a request for entry of default with a request for default judgment, this Court similarly, is left no choice

but to recommend that the *Motion* be denied. Regardless of whether Plaintiff mistakenly requested default judgment contemporaneous with a request for entry of default, or in lieu of entry of default or before entry of default, such a request is completely improper. Also, like Plaintiff's reliance on an incorrect date of service discussed above, here, Plaintiff incorrectly relies on Rule 55(b) if he is seeking entry of default. If instead he is seeking entry of default judgment and intended to rely on Rule 55(b), then his request is flawed since he has failed to first obtain entry of default before seeking default judgment. Moreover, if he is seeking entry of default and erroneously cited to Rule 55(b) instead of Rule 55(a), it is not the Court's responsibility to resolve these errors in his favor. It is entirely Plaintiff's responsibility to ensure that his filings are correct and legally sufficient. Because Plaintiff has failed to do so, this Court must recommend the *Motion* be denied.

The Ninth Circuit has explained that Rule 55 requires a two-step process when a party is seeking default judgment: (1) plaintiff must first seek the clerk's entry of default by filing a request to the Clerk's Office; and (2) plaintiff must next file a motion for entry of default judgment. *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Thus, Plaintiff must first seek an entry of default under Fed. R. Civ. P. 55**(a)** from the Clerk's Office. Once the Clerk's Office issues an entry of default,

Plaintiff may then file a separate motion seeking default judgment pursuant to Fed. R. Civ. P. 55**(b)**.

The Court notes that "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *In re Villegas*, 132 B.R. 742, 746 (B.A.P. 9th Cir. 1991) (citations omitted). The Court reminds Plaintiff that when seeking default judgment under Rule 55(b), Plaintiff must first establish that this Court has subject-matter jurisdiction over this action and personal jurisdiction over the named Defendants. Once jurisdiction is established, Plaintiff must argue why default judgment should be granted. In doing so, Plaintiff must address the seven factors set forth by the Ninth Circuit and discuss why these factors weigh in favor of default judgment. The seven factors are:

(1) the possibility of prejudice to the plaintiff;

(2) the merits of the plaintiff's substantive claim;

(3) the sufficiency of the complaint;

(4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect; and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986). Because the Court **FINDS** that Plaintiff's *Motion* contains numerous errors and ambiguities, is procedurally defective and relies on incorrect legal authority, the Court **RECOMMENDS** that the Motion be **DENIED**.

## CONCLUSION

As explained above, the Court **FINDS** that Plaintiff's *Motion* contains numerous errors and ambiguities, is procedurally defective and relies on incorrect legal authority. The Court thus **RECOMMENDS** that the district court **DENY** Plaintiff's request under Fed. R. Civ. P. 55(b) without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 9, 2026.

Rom A. Trader
United States Magistrate Judge